IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CAROLYN IRBY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 108-054 |
| WAL-MART STORES EAST, LP., | ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The matter is now before the Court on Defendant's "Motion for Sanctions." (Doc. no. 12). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for sanctions be **GRANTED IN PART**. Plaintiff should pay Defendant's attorney's fees and expenses generated by Defendant's attempts to receive discovery information and the preparation of the resultant motion for sanctions.

I. **BACKGROUND**

The above-captioned case was removed to this Court from the Superior Court of Richmond County on April 28, 2008. (Doc. no. 1). Plaintiff alleges that she was injured as a result of Defendant's purported negligence. (Id.). The Court issued a Scheduling Order directing that discovery close on September 15, 2008. (Doc. no. 8). Thus, Defendant timely filed the instant motion for sanctions.

## II. DISCUSSION

Defendant requests that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 37(d), as a sanction for Plaintiff's failure respond to Defendant's First Interrogatories and Request for Production. (Doc. no. 12). In the alternative Defendant seeks an order compelling Plaintiff to respond to Defendant's First Interrogatories and Request for Production of Documents and for an order awarding reasonable litigation expenses in filing the instant motion. (Id. at 2-3). Defendant alleges that on April 22, 2008, it served its First Interrogatories and Request for Production of Documents upon Plaintiff. (Id.). On June 6, 2008, and on August 5, 2008, Defendant sent letters requesting responses to the discovery requests. (Id.). As of the date of filing Defendant's motion for sanctions, Plaintiff had not served her responses to Defendant's discovery requests. (Id.).

In response to Defendant's motion for sanctions Plaintiff provides:

> Defendant did request, via letters sent on June 6, 2008 and August 5, 2008, Plaintiff's answers. However, these interrogatories were filed in the State Court case which was transferred to the Federal District Court by the Defendant. . . . The parties provided each other their Rule 26(a) initial disclosures on or about July 18, 2008.

(Doc. no. 13, pp. 1-2). Plaintiff's counsel also notes that in early August 2008, he was involved in "preparing for a complex trespass and nuisance (water run-off) civil action , in which a jury trial was conducted from August 11, 2008 through August 13, 2008." (Id. at 2). Plaintiff's counsel maintains that upon the completion of the trial, he began working to resolve the outstanding discovery issues in this case, and that on August 19, 2008, Plaintiff did fully respond to Defendant's Interrogatories and Request for Production. (Id. at 3).

The Eleventh Circuit has stated that "the district court's power to control its docket

2

includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Defendant also relies on Fed. R. Civ. P. 37 to support its request that this case be dismissed based on Plaintiff's failure to cooperate in discovery. (Doc. no. 12). Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party.[1] Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Here, the Court finds that a lesser sanction of paying Defendant's attorney's fees and expenses generated by its attempt to receive discovery information and preparation of the

---

[1] Fed. R. Civ. P. 37(d)(3) provides that "sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

3

resultant motion for sanctions would be an appropriate sanction to deter Plaintiff from further misconduct in this case but yet allow the case to proceed to an investigation of the merits of Plaintiff's claims.

Indeed, it appears that in light of Plaintiff's response that on August 19th, Plaintiff fully responded to Defendant's First Interrogatories and Request for Production, Defendant's motion seeking such discovery is moot. However, under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted – or the disclosure or requested discovery is provided after the motion was filed – the Court shall, after affording an opportunity to be heard, require the party (or his counsel) whose conduct necessitated the motion to pay the reasonable expenses, including attorney's fees, incurred in making the motion. Accordingly, Defendant's motion is granted to the extent that the Court will consider an award of reasonable fees.

Should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, defense counsel should submit a request for expenses incurred in the attempt to receive discovery information and preparation of the resultant motion for sanctions within fifteen (15) days of the date of the district court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for sanctions be **GRANTED IN PART**. Plaintiff should pay Defendant's attorney's fees and expenses generated by Defendant's attempts to receive

discovery information and preparation of the resultant motion for sanctions. Should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, defense counsel should submit a request for expenses incurred in its attempts to receive discovery and preparation of the resultant motion to dismiss within fifteen (15) days of the date of the district court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

SO REPORTED and RECOMMENDED this 16th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE